UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Seth Defulgentis, | : BANKRUPTCY NO. 13-18646 JKF |
| Debtor. | : CHAPTER 13 |

STIPULATION AND CONSENT ORDER RESOLVING MOTION OF CREDITOR DELAIRE LANDING NO. 7A CONDOMINIUM ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW this __29th__ day of __December__, 2017, creditor Delaire Landing No. 7A Condominium Association (the "Association"), through undersigned counsel, Lightman & Manochi, and debtor Seth Defulgentis (the "Debtor"), through undersigned counsel, Zachary Perlick, Esquire, having agreed to resolve the Association's Motion for Relief from the Automatic Stay of Section 362 of the United States Bankruptcy Code (the "Motion"), do hereby agree as follows:

1. To the extent necessary, the Association is granted relief from the automatic stay of Section 362 of the United States Bankruptcy Code.

2. The Association and the Debtor agree that the sum of $12,397.02 is due the Association as of December 10, 2017 (the "Post-Petition Amount").

3. Debtor shall pay the Association $1,600.00 against the Post-Petition Amount at the time this Stipulation is entered into and shall pay the sum of $250.00 each month until the Post-Petition Amount is paid in full.

4. Debtor agrees to pay currently all assessments charged to his condominium unit starting with the January 2018 assessments and going forward (the "Assessment Payments").

5. Provided Debtor remains current in the Assessment Payments and timely pays the additional $250.00 per month against the Post-Petition Amount, the Association will forebear

from taking any further legal action against Debtor to collect the Post-Petition Amounts due hereunder.

6. To remain "current," all payments due pursuant to this Stipulation must be submitted as instructed in the coupon book Debtor receives to make Assessment Payments so the payment is <u>received</u> by the Association on or before the tenth (10th) day of each month

7. If any payment due under this Stipulation is not received by the Association by the 10th day of the month, the Association agrees to provide written notice to Debtor and to his attorney of the non-receipt of the funds. If Debtor does not make the payment so it is received within 10 days of the date of this writing, the Association will no longer forebear and shall have the right to immediately pursue any and all rights it has or may have against the Debtor. The parties agree the Association shall have no obligation to send written notice of Debtor's non-payment more than twice during any calendar year.

8. At the time the Court enters this Stipulation as an Order, the Association shall take such action as is reasonably necessary to provide Debtor with the full use of all condominium facilities. Debtor agrees and acknowledges the Association shall have the right prevent Debtor from using such facilities if Debtor fails to comply with the terms of this Stipulation, commencing with the first untimely payment regardless of subsequent cure.

**IN WITNESS WHEREOF**, the parties hereto, with the intent of being legally bound, enter into this Stipulation as of the date first set forth above.

The above Stipulation is entered into with the due authorization of our respective clients.

| | |
|---|---|
| LIGHTMAN & MANOCHI | Law Office of Zachary Perlick |
| By: _____ | By: _____ |
| Glenn A. Manochi, Esquire | Zachary Perlick, Esquire |
| 1520 Locust Street, 12th Floor | 1420 Walnut Street, Suite 718 |
| Philadelphia, PA 19102 | Philadelphia, PA 19102 |
| | |
| Attorneys for Creditor | Attorney for Debtor |
| Delaire Landing No. 7A | Seth Defulgentis |
| Condominium Association | |

## ORDER

AND NOW, this _____ day of _____, 201___, the Court, having reviewed and approved the Stipulation of the parties, hereby enters the Stipulation as an order of the Court and directs the parties to comply therewith.

_____
Jean K. FitzSimon
United States Bankruptcy Judge

E:\TOLL, GILBERT\DELAIRE LANDING\DEFULGENTIS\DOCS\STIPULATION 12-11-17.DOC